# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN THE MATTER OF:

AGP E-GLASS CO.,                                       Chapter 7
                                                       Case No. 24-50838-MLO
            Debtor.                                    Hon. Maria L. Oxholm
_____/

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AUTHORIZING (1) THE SALE OF DEBTOR'S PROPERTY RELATED TO THE CANTON, MICHIGAN PREMISES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (2) THE TRANSFER OF LIEN TO SALE PROCEEDS, (3) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, AND (4) GRANTING RELATED RELIEF**

Upon the *Chapter 7 Trustee's Motion for Order Pursuant to 11 U.S.C. §§ 105, 363 and 365 Authorizing (1) the Sale of Debtor's Property Related to the Canton, Michigan Premises Free and Clear of Liens, Claims, Interests and Encumbrances, (2) the Assumption and Assignment of Executory Contracts, (3) the Transfer of a Lien to Sale Proceeds, and (4) Granting Related Relief* [ECF No. 31] (the "Sale Motion") of K. Jin Lim, solely in her capacity as the duly appointed Chapter 7 trustee of the bankruptcy estate (the "Estate") of the above-captioned Debtor (as applicable, the "Trustee" or "Seller") requesting entry of this Order (this "Sale Order") pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing and approving the sale of certain Assets related to the Debtor's Canton, Michigan premises, free and clear of Interests (except as set forth in this Sale Order), pursuant to that certain Transfer and Purchase Agreement (the "Purchase Agreement"),[11] dated January 27, 2025, by and between the Trustee and NxLite Corporation (or its designee) ("Buyer"), as may be amended from time to time, (b) authorizing and approving the assumption and assignment of the Assumed Contracts in connection with the Transactions; (c) authorizing that the IRS Tax Lien (as defined below) be transferred to attach solely to the proceeds of the Transactions; (d) authorizing and approving the Transactions contemplated under the Purchase Agreement, and (e) granting related relief; and this Court having considered the Sale Motion; and due and proper notice of the Sale Motion, Purchase Agreement and the proposed Transactions having been given; and no objections to the Sale Motion having been filed; and after due deliberation thereon, good and sufficient cause appearing therefor; and it appearing that the relief requested in the Sale Motion, insofar as it pertains to this Sale Order, is in the best interests of the Estate, its creditors, and other parties in interest; and the Court being otherwise fully advised in the premises:

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Purchase Agreement.

**<u>Determination with Respect to the Findings of Fact and Conclusions of Law</u>**

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code sections 105(a) and 363(b), (f), and (m) and 365 together with Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014 and corresponding local rules.

D. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Any findings of fact or conclusions of law stated by the Court on the record at the Hearing on the Sale Motion (if any) are hereby incorporated to the extent they are not inconsistent herewith.

E. The Assets set forth in the Purchase Agreement constitute property of the Estate and title to the Assets is vested in the Estate within the meaning of Bankruptcy Code section 541(a).

**Notice of the Sale and the Hearing (if any)**

F. As evidenced by the Proofs of Service on file with this Court, due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Purchase Agreement and the Sale Motion and the relief requested therein, have been provided in accordance with the applicable provisions of the Bankruptcy Code, including sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014, and the corresponding Local Rules, and in compliance with the Purchase Agreement, to interested persons and entities, including, but not limited to: (i) the Office of the United States Trustee; (ii) Buyer's counsel; (iii) all entities known to the Trustee that assert any Interests in the Assets (or any portion thereof); (iv) the counterparties to any Assumed Contract(s); (v) the following relevant taxing and regulatory authorities: Canton Township, the Internal Revenue Department, the Michigan Department of Treasury and the Michigan Revenue Department; (vi) all entities that filed a notice of appearance and request for service of papers in these cases in accordance with Bankruptcy Rule 2002; and (vii) all parties listed on the Court's matrix of creditors as indicated on the Certificate of Service to the Sale Motion filed by the Trustee. Such notice was good, sufficient, and appropriate under

the circumstances and no other or further notice of the Sale Motion, the Purchase Agreement, the Transactions, is or will be required.

G.     The Trustee has articulated good and sufficient reasons for the Court to grant the relief requested in the Sale Motion.

H.     The disclosures made by the Trustee concerning the Sale Motion, the Purchase Agreement, the Transactions, and the hearing on the Sale Motion (the "Hearing") (if any) were good, complete and adequate.

**Good Faith of Buyer**

I.     The Purchase Agreement was negotiated, proposed, and entered into by the Trustee and Buyer without collusion, in good faith, and from arm's length bargaining position. Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code section 101. Any relevant connections or relationships between any of the Trustee, Debtor and Buyer have been disclosed, and the Trustee and Buyer have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n).

J.     The Transactions contemplated by the Purchase Agreement and this Sale Order are entirely fair and represent fair consideration being exchanged.

K.     Buyer is purchasing the Assets in good faith and is a good-faith buyer within the meaning of Bankruptcy Code section 363(m) and is, therefore, entitled to

the full protection of Bankruptcy Code section 363(m), and otherwise has proceeded in good faith in all respects in connection with this case.

**No Fraudulent Transfer**

L.     The consideration to be provided by Buyer under the Purchase Agreement: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Sale Assets; (iii) will provide a greater recovery for Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes a reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

M.     The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

**Validity of Transfer**

N.     The Trustee has full power and authority to execute and deliver the Purchase Agreement on behalf of the Estate and all other documents contemplated thereby, and no further consents or approvals are required for the Trustee to consummate, on behalf of the Estate, the Transactions contemplated by the Purchase Agreement and this Sale Order.

O.	The transfer of the Assets to Buyer, as of the date that the Transactions are effectuated, will be a legal, valid, and effective transfer of the Estate's interests in such assets and will vest Buyer with all right, title, and interest of the Estate to the Assets free and clear of all any Interests.

**No Successor Liability**

P.	Buyer is not a mere continuation of the Debtor and there is no continuity of enterprise between the Debtor and Buyer. Buyer is not a mere continuation of the Debtor or its Estate by any reason or any theory of law or equity, and the Transactions contemplated under the Purchase Agreement do not amount to a consolidation, merger, or *de facto* merger of Buyer and the Debtor.

Q.	Except for the contractual commitments of Buyer under the Assumed Liabilities, Buyer is not, and shall not be considered or deemed, as a result of any action taken in connection with the sale transaction, to be a successor in interest of the Debtor or its Estate for any purpose, including but not limited to under any federal, state, or local statute or common law, or revenue, pension, ERISA, tax, labor, employment, environmental, escheat or unclaimed property laws, or other law, rule, or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Estate's liability under such law, rule, or regulation or doctrine or common law, or under any product warranty liability law or doctrine with respect to

the Estate's liability under such law, rule or regulation or doctrine and Buyer and its affiliates shall have no liability or obligation under the Workers Adjustment and Retraining Act (the "WARN Act"), 929 U.S.C. §§ 210 *et seq*., or the Comprehensive Environmental Response Compensation and Liability Act, and shall not be deemed to be a "successor employer" for purposes of the Internal Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act, the National Labor Relations Act, the Labor Management Relations Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Civil Rights Act of 1866 (42 U.S.C. 1981), the Employee Retirement Income Security Act, the Multiemployer Pension Protection Act, the Pension Protection Act, the Fair Labor Standards Act, the Persons with Disabilities Civil Rights Act, and/or the Elliott-Larsen Civil Rights Act. Except for the (i) Assumed Liabilities, and (ii) transfer of the Assets to Buyer, the Transaction will not subject Buyer to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity.

**Bankruptcy Code Section 363(f) Is Satisfied**

R.     Except as expressly provided in the Purchase Agreement or this Sale Order, to the fullest extent permitted under the Bankruptcy Code, the Assets shall be sold free and clear of all liens (including, without limitation, mechanics', materialmens', and other consensual and non-consensual liens and statutory liens), claims (including any "claim" as defined in Bankruptcy Code section 101(5), a "Claim"), encumbrances, interests, obligations, rights, pledges, mortgages, deeds of trust, rights of first offer and/or first refusal, buy/sell agreements, options, charges, community and other marital property interests, hypothecations, Taxes, leases or subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset or recoupment, right of use or possession, security interests, liabilities, debt obligations, penalties, charges, judgments, guaranties, and indemnity obligations, Orders, conditional sale or other title retention agreements and other similar impositions, imperfections or defects of title or restrictions on transfer or use, equitable interests and all other restrictions and covenants with respect to, and conditions governing, the voting, transfer, receipt of income and/or exercise of any other attribute of ownership, in each case, of whatever kind, nature, or description in, against, or with respect to any of the Assets, having arisen, existed, or accrued prior to the Closing Date, whether direct or indirect, absolute or contingent, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or

unperfected, material or non-material, disputed or undisputed, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute, or otherwise, including Claims or liabilities arising under doctrines of successor liability, or *de facto* merger, and including the IRS Lien (as defined below) (other than the Assumed Liabilities, collectively, "Interests"), which Interests are hereby extinguished, except as set forth below with respect to the IRS Lien and the security interest, if any, in the Grinding CNC Machine listed in Schedule A-1 to the Purchase Agreement.

S.     Notwithstanding any other provision of this Sale Order, to the extent that a properly perfected security Interest filed against the Grinding CNC Machine listed in Schedule A-1 to the Purchase Agreement has not been satisfied or terminated, the Grinding CNC Machine shall be transferred to Buyer subject to such Interest.

T.     Buyer would not have entered into the Purchase Agreement and would not consummate the Transactions contemplated thereby (by paying the purchase price and assuming the Assumed Liabilities) if the sale of the Assets to Buyer, and the assumption, assignment and sale of the Assumed Contract(s) to Buyer, were not free and clear of all Interests (except as set forth herein), or if Buyer, its affiliates, or their respective officers, directors or shareholders, or the Assets, would, or in the future could be liable for any Interests, or could or would be required to satisfy in

any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any Interests.

U.      Not selling the Assets free and clear of any and all Interests (except as set forth herein) would adversely impact the Estate, and the sale of the Assets other than as free and clear of all Interests would be of substantially less value to the Estate.

V.      The Trustee may sell the Assets free and clear of all Interests (except as set forth herein) because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied.  Those holders of Interests against the Estate or any of the Assets who did not object, or who withdrew their objections, to the Transactions or the Sale Motion are deemed to have consented to the Transactions pursuant to Bankruptcy Code section 363(f)(2).  All other holders of Interests, including whose who maintained and did not withdraw objections to the Transactions or the Sale Motion, if any, fall within one or more of the other subsections of Bankruptcy Code section 363(f).

**Circumstances Exist for an Immediate Sale**

W.      Time is of the essence in consummating the Sale.

X.      The consummation of the Transactions is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105(a), 363(b), 363(f), and 363(m),

and all the applicable requirements of such sections have been complied with in respect of the Transactions.

**IT IS HEREBY ORDERED as follows:**

1. The Sale Motion is granted as set forth in this Sale Order.

2. Pursuant to Bankruptcy Code section 363(b), the Trustee is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Transactions (including the sale of the Assets) to Buyer pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Transactions as contemplated in the Purchase Agreement and this Sale Order, (c) execute and deliver, perform under, consummate, implement and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Transactions, including any other transaction documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by Purchase Agreement and such other transaction documents, (d) assume, assign and transfer the Assumed Contract(s), without further application to or order of this Court and upon the terms and conditions of Purchase Agreement, (e) perform any remaining obligations specified in the Purchase Agreement after the Closing, and (f) otherwise implement and provide Buyer and the Estate with the full

benefit of the Transactions contemplated by the Purchase Agreement and this Sale Order.

3. Under Bankruptcy Code sections 105(a), 363(f), and 365(b), upon the Closing: (i) the transfer of the Assets to Buyer under the Purchase Agreement will constitute a legal, valid, and effective transfer of the Assets and will vest Buyer with all right, title, and interest in and to the Assets; (ii) the Assets will be transferred to Buyer free and clear of all Interests against the Assets, except for Assumed Liabilities and the Grinding CNC Machine, in accordance with Bankruptcy Code section 363(f), and such Interests are hereby extinguished (and except for the IRS Lien); and (iii) the Assumed Contract(s) will be deemed assumed and assigned to Buyer on the Closing Date, as provided in and contemplated by the Purchase Agreement. Without limiting the generality of the preceding sentence, the transfer of the Assets will be free and clear of all Interests of any government or governmental or regulatory body thereof, or political subdivision thereof, whether foreign, federal, state, or local, or any agency, instrumentality or authority thereof, or any court or arbiter (public or private), except as provided below in this Sale Order.

4. Notwithstanding other provisions of this Sale Order, to the extent that the certain Interest filed by the Internal Revenue Service ("IRS") via its Notice of Federal Tax Lien filed with the Michigan Department of State under the Uniform

Commercial Code on June 5, 2024, filing number 20240605000868-9 (the "IRS Lien") has not yet been previously satisfied, the IRS Lien shall attach to the net cash proceeds of the sale. The IRS shall be required to timely file a proof of claim to receive a distribution for the IRS Lien if the IRS Lien has not been previously satisfied.

5. The Trustee is directed to pay the cure amounts for the Lease as set forth in Section 3.3 of the Purchase Agreement to the Landlord at the Closing.

6. Except as expressly provided by the Purchase Agreement with respect to the Assumed Liabilities, all persons and entities (including, but not limited to, all noteholders, warrant holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders, current or former customers, vendors, employees, trade creditors, litigation claimants, judgment creditors, and other creditors) holding or asserting Interests in all or any portion of the Assets and/or arising under or out of, in connection with, or in any way relating to the Debtor or its Estate, the Assets, the operation of the Debtor's business prior to the Closing Date or the transfer of the Assets to Buyer are hereby forever barred, estopped and permanently enjoined from asserting against Buyer or its successors or assigns, its property or the Assets, such persons' or entities' Interests. Following the Closing, no holder of any Interest shall interfere with Buyer's title to or use and enjoyment of

the Assets based on or related to any such Interest, or based on any action Debtor or the Trustee may take in this chapter 7 case.

7.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Assets to Buyer in accordance with the terms of the Purchase Agreement and this Sale Order.

8.    All persons and entities that are in possession of some or all of the Assets after the Closing, including those Assets listed on Schedule A-1 to the Purchase Agreement, are hereby directed to surrender possession of such Assets to Buyer at the Closing.  If there is any dispute as to what constitutes an Asset, the Court shall retain jurisdiction to resolve such dispute.

9.    Buyer shall assume the Assumed Liabilities with respect to its employment of the Specified Employees, who were foreign national employees of the Debtor. As set forth in the Purchase Agreement, the Specified Employees possess talent and expertise necessary to operate certain of the Assets. As part of Buyer's Assumed Liabilities, at the Closing, Buyer assumes all requisite immigration obligations associated with transferring each Specified Employee's Visa to Buyer.

10.    Upon Closing, this Sale Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of the Assets pursuant to the terms of the Purchase Agreement.

11.     This Sale Order is and will be effective as a determination that all Interests will be and are, without further action by any person or entity, released with respect to the Assets as of Closing.  A certified copy of this Sale Order may be filed with the Michigan Department of State to evidence the fact that all Interests with respect to the Assets have been extinguished, discharged and released.

12.     As to the Assumed Contract(s), (a) the sale, assumption and assignment, and transfer is approved pursuant to Bankruptcy Code sections 363 and 365; (b) Seller is authorized in accordance with Bankruptcy Code sections 365(b)(1) and (f)(2), to: (i) assume the Assumed Contract(s); (ii) sell, assign and transfer to Buyer each of the Assumed Contract(s) free and clear of all Interests, including Seller's rights to prepayments, installment payments, and deposits made under or related to such Assumed Contract; and (iii) execute and deliver to Buyer, such assignment documents as may be necessary to sell, assign and transfer the Assumed Contract(s); (c) all defaults or other obligations or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2) are deemed cured upon the payments to be made by Seller and Buyer set forth in the Purchase Agreement; and (d) to the extent applicable, Buyer has provided adequate assurance of its future performance of the Assumed Contract(s) and the proposed assumption and assignment of the Assumed Contract(s) satisfies in all respects the requirements under Bankruptcy Code section 365.

13. Seller is directed to pay the post-petition rent owed to the Landlord under the Lease from December 1, 2024, through January 31, 2025, from the funds specified in the Purchase Agreement.

14. Effective upon the Closing Date, (a) the Shared Services Agreement shall be deemed terminated as of January 31, 2025, and (b) the Shared Personnel Agreement shall be deemed terminated as of the Petition Date, and (c) the amounts set forth in the Purchase Agreement with respect to the Shared Services Agreement shall be a settlement of all amounts that may be owed by Buyer under both the Shared Services Agreement and the Shared Personnel Agreement.

15. Effective upon the Closing Date, the Trustee, in her capacity as the duly appointed chapter 7 trustee of the Debtor's Estate, shall forever and irrevocably be deemed to have released, discharged, and acquitted Buyer and each of its former, current, and future officers, employees, directors, agents, representatives, owners, members, shareholders, partners, financial and other advisors, investors and consultants, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors and successors in interest (and for clarity, solely as such party has served in such capacity for Buyer), from any and all Claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, reasonable attorneys' fees,

costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent, pending or threatened, including all legal and equitable theories of recovery, arising under common law, statute or regulation or by contract, of every nature and description (collectively, the "Released Claims"); *provided*, *however*, nothing herein shall affect the ability of the Trustee to enforce the terms of the Purchase Agreement and this Sale Order.

16.  Effective upon the Closing Date, Buyer shall forever and irrevocably be deemed to have released, discharged, and acquitted the Trustee, in her capacity as the duly appointed chapter 7 trustee of the Estate, from the Released Claims; *provided*, *however*, nothing herein shall release any Released Claims of Buyer, its designees, permitted assigns or successors, with respect to any Claims or causes of action brought in connection with the Assets, the Purchase Agreement or the Sale Order, and *provided*, *further*, that nothing herein shall affect the ability of Buyer, its designees, permitted assigns or successors to enforce the terms of the Purchase Agreement and this Sale Order.

17.  No sale, transfer or other disposition of the Assets will subject Buyer to any liability for Claims, obligations, or encumbrances asserted against the Debtor or its Estate or its interests in the Assets—by reason of such transfer under any laws, including any bulk-transfer laws or any theory of successor or transferee liability,

antitrust, environmental, product line, *de facto* merger, or substantial continuity or similar theories. By virtue of the consummation of the Transactions contemplated in the Purchase Agreement, (i) Buyer is not a mere continuation of the Debtor or its Estate and there is no continuity of enterprise between Buyer and the Debtor, (ii) Buyer is not holding itself out to the public as a continuation of the Debtor or its Estate, including, but not limited to, any warranty or similar obligations, (iii) Buyer's operation of the Assets are not deemed a continuation of the Debtor's business, and (iv) the Transactions do not amount to a consolidation, merger, or *de facto* merger of Buyer and the Debtor or its Estate. Accordingly, Buyer is not and shall not be deemed a successor to the Debtor or its Estate by reason of any theory of law or equity, except with respect to the obligations specified in this Sale Order, Buyer's acquisition of the Assets shall be free and clear of any "successor liability" Claims of any nature whatsoever, and all "persons" (as defined in Bankruptcy Code section 101(41)) are enjoined from asserting against Buyer, or its successors or assigns, any claim or cause of action based upon the theory or "successor liability".

18. The consideration given by Buyer shall constitute valid and valuable consideration for the releases of any potential Claims of successor or vicarious liability of Buyer, which releases shall be deemed to have been given in favor of Buyer by all holders of Interests against or in the Debtor or any of the Assets, and which releases shall exclude Buyer's obligations under this Sale Order.

19. To the greatest extent available under applicable law, Buyer shall be authorized, as the Closing of the Transactions contemplated by this Sale Order, to operate under any license, permit, registration and any other governmental authorization or approval of the Debtor with respect to the Assets and Assumed Contract, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are transferred to Buyer as of the date the Transactions are closed. To the extent provided by Bankruptcy Code section 525, no governmental unit may revoke or suspend any permit or license related to the operation of the Assets sold, transferred or conveyed to Buyer on account of the filing or pendency of the Debtor's chapter 7 case. For the avoidance of doubt, nothing in this Sale Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.

20. The consideration provided by Buyer for the Assets is for all purposes valuable and fair consideration under the Bankruptcy Code and any other applicable law, and the Transactions may not be avoided, or costs or damages imposed or awarded, under Bankruptcy Code section 363(n) or any other provision of the Bankruptcy Code.

21.     The Transactions have been, and are undertaken by Seller and Buyer in good faith, as that term is used in Bankruptcy Code section 363(m) and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions will not affect the validity of the sale of the Assets to Buyer, unless such authorization is duly stayed pending such appeal.  Buyer is in all respects a "good faith purchaser" of the Assets and Buyer is therefore entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).  In the event of any stay, modification, reversal or vacation of this Sale Order, then notwithstanding any such stay, modification, reversal or vacation, all obligations incurred by Seller under this Sale Order or the Purchase Agreement prior to the effective date of such stay, modification, reversal or vacation will be governed in all respects by the original provisions of this Sale Order, and Buyer will be entitled to the rights, privileges and benefits granted in this Sale Order with respect to all such obligations.

22.     This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement. All entities are authorized and specifically directed to strike all recorded Interests against the Assets from their records, official or otherwise.

23. If any person or entity that has financing statements, mortgages, mechanics liens, *lis pendens*, or other documents or agreements evidencing Interests against the Assets and will not have delivered to the Trustee and Buyer prior to Closing, in proper form for filing and executed by the appropriate parties, releases of all such Interests that the person or entity has with respect to the Assets, then: (i) the Trustee or Buyer are authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Assets; (ii) Buyer is authorized to file, register, or otherwise record a certified copy of this Sale Order that once filed, registered, or otherwise recorded, will constitute conclusive evidence of the release of all Interests in the Assets as of Closing, of any kind or nature whatsoever; and (iii) may seek in this Court (or, if this Court finds it does not have exclusive jurisdiction, another applicable court) to compel appropriate parties to execute and/or file termination statements, instruments of satisfaction, and

releases of all Interests that are extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code, and any other provisions of the Bankruptcy Code, with respect to the Assets.

24. All federal, state, county and local governmental agencies or departments are ordered and directed to accept all filings necessary and appropriate to consummate the Transactions.

25. The terms and provisions of the Purchase Agreement, the ancillary agreements, and this Sale Order will be binding in all respects upon, and will inure to the benefit of the Trustee, Estate, Buyer and its respective affiliates, designees, successors and assigns, and any affected third parties.

26. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment, or supplement does not have a material adverse effect on the Estate.

27. The failure specifically to include any particular provisions of the Purchase Agreement or any ancillary agreement to the Purchase Agreement in this Sale Order will not diminish or impair the effectiveness of such provisions. It being the intent of the Court that the Purchase Agreement and any ancillary agreements be authorized and approved in their entirety.

28. To the extent of any inconsistency between the provisions of this Sale Order and the Purchase Agreement, the provisions contained in the Sale Order will govern.

29. In the event that this chapter 7 case is dismissed, a dismissal of this case will not affect in any manner the rights of Buyer under the Purchase Agreement or this Sale Order, or any other agreements executed by the Trustee in conjunction with the Transactions, and all of the rights and remedies of Buyer under the Purchase Agreement, this Sale Order, and all other related or ancillary agreements executed in connection with the Transactions will remain in full force and effect as if the case had not been dismissed or converted or a subsequent trustee had not been appointed.

30. The provisions of this Sale Order are non-severable and mutually dependent.

31. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Rule 62(a) of the Federal Rules of Civil Procedure, this Sale Order will not be stayed for fourteen (14) days after its entry, but will be effective and enforceable immediately upon its entry.

32. The Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation and implementation of this Sale Order, and to interpret, implement and enforce the terms and provisions of all agreements executed in connection with this Sale Order, and to adjudicate any and all disputes concerning

or relating in any way to this Sale Order, including to compel delivery of the Assets, to protect Buyer and its assets, including the Assets, against any Interests and successor and transferee liability, and to enter orders, as appropriate, pursuant to Bankruptcy Code sections 105, 363, 365, or other applicable provisions of the Bankruptcy Code to transfer the Assets and Assumed Contract(s) to Buyer.

(see attached)

**Signed on February 21, 2025**

/s/ **Maria L. Oxholm**

**Maria L. Oxholm**
**United States Bankruptcy Judge**