IN THE MATTER OF:

AGP E-GLASS CO.,                                    Chapter 7
                                                   Case No. 24-50838-MLO
     Debtor.                                  Hon. Maria L. Oxholm
_____/

## MOTION FOR ENTRY OF ORDER AUTHORIZING
## TRUSTEE TO COMPROMISE CLAIMS

K. Jin Lim, the Chapter 7 Trustee of AGP E-Glass Co., by her attorney Sandra O'Connor Law, PLLC, submits this motion pursuant to Fed. R. Bankr. P. 9019(a) & 9014 for entry of an order authorizing the Trustee to compromise the bankruptcy estate's claims relating to transfers made by the Debtor to Genesis Engineering Services, Inc.  (See Exhibit 1).

IN SUPPORT of this motion, the Trustee states:

### Jurisdiction

1.     This is a contested matter brought pursuant to Fed. R. Bankr. P. 9014 & 9019(a).

2.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (F) over which this court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

## Facts

3. On November 14, 2024 ("the petition date"), AGP E-Glass Co. (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

4. K. Jin Lim is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate ("Trustee").

5. The Trustee has identified transfers made by the Debtor to Genesis Engineering Services, Inc. ("Genesis") in the amount of $18,684.00 on account of antecedent debt during the ninety (90) day period prior to the petition date.

6. The Trustee filed an adversary proceeding against Genesis to recover the transfers. The Trustee obtained an April 29, 2025 Default Judgment Against Defendant Genesis Engineering Services, Inc. ("Default Judgment") in Adversary Proceeding no. 25-04050-MLO ("Adversary Proceeding").

7. Genesis contends that it did not receive notice of the Adversary Proceeding and was unaware of the Default Judgment until the Trustee initiated collection action.

8. The Trustee and Genesis have agreed to resolve the above-referenced claims, set aside the Default Judgment, and dismiss the Adversary Proceeding with prejudice in exchange for payment of $13,250.00 from Genesis to the Trustee. The

2

parties' Stipulation to Entry of the Order Approving Trustee's Compromise of Claims is attached as Exhibit 6.

9. The proposed settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. In addition, the Trustee will be able to save the bankruptcy estate the substantial time, administrative expenses, and risks associated with Genesis seeking to reopen and litigate the Adversary Proceeding and collecting the Default Judgment.

**Argument**

10. The Trustee believes that this settlement is in the best interests of the bankruptcy estate and its creditors for the reasons that, among others, the settlement avoids the substantial amount of time, administrative expenses, and risks associated with litigation and collecting a judgment.

11. The Sixth Circuit Court of Appeals has explained that the bankruptcy court may approve a settlement if it is fair and equitable. Papas v. Buchwald Capital Advisors, LLC (In re: Greektown Holdings, LLC), 728 F.3d 567, 575 (6th Cir. 2013).

12. The Sixth Circuit Court of Appeals has set forth four (4) factors that a bankruptcy court should consider when evaluating the fairness of a settlement as follows:

    a. The probability of success in the litigation;

3

b. The difficulties, if any, to be encountered in the matter of collection;

c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (citing Bard v. Sicherman (In re Bard), 49 Fed. App'x 528, 530 (6th Cir. 2002).

13. The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair, equitable and in the best interest of all interested parties.

WHEREFORE, the Trustee requests that this Court enter an order approving the compromise.

Respectfully Submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: February 6, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                           Chapter 7

AGP E-GLASS CO.,                                 Case No. 24-50838-MLO

          Debtor.                                Hon. Maria L. Oxholm

_____/

## ORDER APPROVING TRUSTEE'S COMPROMISE OF CLAIMS

This matter having come before the Court upon the Trustee's Motion for Order Authorizing the Trustee to Compromise Claims and Approve Stipulated Dismissal of the Adversary Proceeding, Vacating the Judgment and Granting Related Relief (the "**Motion**"); the Trustee , K. Jin Lim ("**Trustee**") for AGP E-Glass Co. ("**Debtor**")  and Genesis Engineering Services, Inc. ("**Genesis**") having agreed to entry of this Order to resolve the Trustee's claims against Genesis; no objection to the Motion having been timely filed and served; and the Court otherwise being duly advised:

IT IS HEREBY ORDERED that the Motion is granted, and the settlement and compromise of the Trustee's claims and release of Genesis is approved.

IT IS FURTHER ORDERED that Genesis shall pay to the bankruptcy estate the amount of $13,250 (the "**Settlement Payment**") within fourteen (14) days after

## EXHIBIT 1

Trustee's counsel has notified Genesis's counsel by e-mail that this Order has been entered. The payment shall be made payable to "K. Jin Lim, Trustee for AGP E-Glass Co." and delivered in care of Trustee's counsel Sandra L. O'Connor, Sandra O'Connor Law, PLLC, 100 N. Pond Drive, Suite A, Walled Lake, Michigan 48390. The settlement payment may only be sent by First Class Mail, Priority Mail, or any other method that does not require a signature upon delivery.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall prepare a stipulation and proposed order for the approval of Genesis's counsel to be filed in adversary proceeding number 25-04050-MLO, *Lim v. Genesis Engineering Services, Inc.* ("**Adversary Proceeding**") which (a) vacates the default judgment against Genesis entered at docket number 6 ("**Default Judgment**") in the Adversary Proceeding and (b) voluntarily dismisses the Adversary Proceeding with prejudice and without costs.

IT IS FURTHER ORDERED that upon entry of the order vacating the default judgment and dismissing the Adversary Proceeding, as described in the paragraph immediately preceding this paragraph, the Trustee shall file a notice in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), which provides that the judgment identified in docket number 1 in case number 25-00401 was vacated and the underlying adversary proceeding was dismissed with prejudice and which

requests that case number 25-00401 be closed. To the extent that the notice does not result in the closure of the case, the Trustee shall promptly file an ex parte motion for an order to close case number 25-00401 and shall cooperate with reasonable requests made by Genesis with respect to having the case closed.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall take all necessary actions, including without limitation, any necessary filings, to extinguish and release any and all liens, charges and/or encumbrances related to or arising from the judgment against Genesis registered in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), including without limitation, the Notice of Judgment Lien filed in the State of California on September 17, 2025, and provide evidence to Genesis of same.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, Debtor, its bankruptcy estate, the Trustee and each of their affiliates, successors and assigns (collectively, the "**Releasing Parties**"), shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Genesis and its affiliates, successors and assigns (collectively, the "**Genesis Parties**") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Releasing Parties, have had, may have or may claim to have against the Genesis Parties, including without limitation, the claims asserted in the complaint filed in the Adversary Proceeding and the Default Judgment.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall undo any other measures taken to exercise enforcement of the Default Judgment. This paragraph does not apply to the Trustee's employment of special counsel in California to pursue to the Default Judgment, which shall be excluded from the definition of measures taken to exercise enforcement (for the sake of clarity, the paragraph does apply to any measures taken by such special counsel).

IT IS FURTHER ORDERED that if the Trustee fails to take any of the actions required by this Order, the Settlement Payment shall be immediately returned to Genesis.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the interpretation, implementation and enforcement of this Order.

IN THE MATTER OF:

AGP E-GLASS CO.,

Debtor.

_____/

3150 Livernois, Suite 275
Troy, MI 48083
45-3817255

Chapter 7
Case No. 24-50838-MLO
Hon. Maria L. Oxholm

### NOTICE AND OPPORTUNITY FOR HEARING REGARDING MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS

K. Jin Lim, the Chapter 7 Trustee of AGP E-Glass Co., has filed a Motion for Order Authorizing Trustee to Compromise Claims with respect to the bankruptcy estate's preference claims relating to transfers made by the Debtor to Genesis Engineering Services, Inc. ("Genesis").

The Trustee and Genesis have agreed to resolve the claims, subject to Bankruptcy Court approval, in exchange for payment of $13,250.00 from Genesis to the bankruptcy estate.

The settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, within 21 days, you or your attorney must:

## EXHIBIT 2

1. File with the Court a written objection or request for hearing, explaining your position, at:[1]

United States Bankruptcy Court
Eastern District of Michigan
211 W. Fort Street
Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the 21 day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Sandra L. O'Connor, Esq.
Sandra O'Connor Law, PLLC
100 N. Pond Drive, Suite A
Walled Lake, MI 48390

2. If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

SANDRA O'CONNOR LAW, PLLC

Dated: February 6, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

---

[1] Objection or request for hearing must comply with F. R. Civ. P. 8(b), (c) and (e).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN THE MATTER OF:

AGP E-GLASS CO.,

          Debtor.

_____/

Chapter 7
Case No. 24-50838-MLO
Hon. Maria L. Oxholm

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the 1) Motion for Order Authorizing Trustee to Compromise Claims, 2) Proposed Order, 3) Notice, 4) Certificate of Service, and 5) Exhibit with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Office of the U.S. Trustee | K. Jin Lim, Esq. |
| Tamar Dolcourt, Esq. | Alan C. Hochheiser, Esq. |
| Richard James Bernard, Esq. | John P. Tragge, Esq. |
| William C. Blasses, Esq. | Deborah Kovsky-Apap, Esq. |

and I also certify that on February 6, 2026, I have mailed by First Class Mail with the United States Postal Service Notice of the Motion for Order Authorizing Trustee to Compromise Claims to the following non-ECF participants:

All parties listed on the attached limited notice list pursuant to the Court's May 22, 2025 Order Limiting Notice to Parties Pursuant to Bankruptcy Rule 2002(h) (Docket #94).

## EXHIBIT 4

SANDRA O'CONNOR LAW, PLLC

Dated: February 6, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

Staples, Inc.
PO Box 102419
Columbia, SC 29224

Atlas Copco Compressors LLC
48430 Milmont Dr.
Fremont, CA 94538

Airgas USA, LLC
6055 Rockside Woods Blvd
Independence, OH 44131

Sunbelt Rentals, Inc.
PO BOX 409211
Atlanta, GA 30384-9211

Cellco Partnership d/b/a Verizon Wireless
William M Vermette
22001 Loudon County PKWY
Ashburn, VA 20147

SC Department of Revenue
300A Outlet Pointe Blvd
Columbia, SC 29210

AmTrust North America, Inc. on behalf of
Technology Insurance Co., Inc.
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122

Ultimation Industries LLC
15935 Sturgeon Street
ROSEVILLE, MI 48066

DESIGNETICS, INC.
1624 South Eber Road
Holland, OH 43528

Jesus Valdez
c/o Roman Otkupman, Esq.
Otkupman Law Firm
5743 Corsa Avenue, Ste. 123
Westlake Village, CA 91362

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

Mila Baumtrok
2081 E. Beltline Ave NE
Grand Rapids, MI 49525

Euler Hermes agent for Avenue Logistics,
LLC
100 International Dr
22nd Floor
Baltimore, MD 21202

Ohio Department of Taxation
ATTN: Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

GERMANYCabalo Logistics
Calzada del Valle 400, Edificio III, Col
Del Valle, San Pedro Garza Garcia
Nuevo Len Mexico, C.P. 66220

Shanghai GOSUN Automation Technology
Co., Ltd
Room 2410, No.378 Chengbei Road
Jiading District, Shanghai
China

Glas-Weld Systems, Inc.
20578 Empire Avenue
Bend, OR 97701

Clark Hill PLC
Robert P. Franke
901 Main Street, Suite 6000
Dallas, TX 75202

INDUSTRIA E COMERCIO DE SUPRIMENTOS
282 Rua Senador Vergueiro
Sao Caetano do Sul, Sao Paulo
09521-320
Brasil

Antaya Technologies Corp.
333 Strawberry Field Rd.
Attn: Lital Herskovits
Warwick, RI 02886

Jesus Valdez Medina
c/o Jessica L. Campbell, Esq.
Aegis Law
9811 Irvine Center Dr. #100
Irvine, CA 92618

AEGIS LAW FIRM, PC
9811 Irvine Center Dr, Ste 100
Irvine, CA 92618

Travelers - Account Resolution
One Tower Square 10MN
Hartford, CT 06183

RecruitGigs, LLC
ATTN: Armando Avila, CEO
401 Glass Lane
Modesto, CA 95356

Prologis-Exchange IPC 10 LLC
c/o Brian P. Morgan
Faegre Drinker Biddle & Reath LLP
1177 Ave. of the Americas, 41st Fl.
New York, NY 10036

Marcell West/Ronald Patterson
c/o Lawrence Organ & Emily Kohlheim
California Civil Rights Law Group
870 Market Street, Ste. 544
San Francisco, CA 94102

321 Logistics
c/o William C. Blasses
500 Woodward Ave., Suite 2500
Detroit, MI 48084

Kelly S Cole-Chirio
1881 Frances Way
Ypsilanti Township, MI 48198

United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226

AGP E-Glass Co.
41600 Haggerty Circle S
Canton, MI 48188

Texas Comptroller of Public Accounts
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548, MC-008
Austin, TX 78711

A.I. srl
snc, via Erasmo Piaggio
Chieti, Italy
66100

City of Tracy Revenue Department
333 Civic Center Plaza
Tracy, CA 95376-4062

Christopher S. Murphy Asst. Atty. General
c/o Sherri K. Simpson, Paralegal
Texas Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

AGP E-GLASS CO.,                                    Case No. 24-50838-MLO

             Debtor.                                Hon. Maria L. Oxholm

_____/

**STIPULATION TO ENTRY OF THE ORDER
APPROVING TRUSTEE'S COMPROMISE OF CLAIMS**

The undersigned parties, K. Jin Lim ("**Trustee**"), Trustee for AGP E-Glass

Co. ("**Debtor**") and Genesis Engineering Services, Inc. ("**Genesis**"), by their

respective counsel, stipulate and agree to the entry of the order attached as Exhibit

A.

> Stipulated by the undersigned counsel for the parties,
>
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>
>
> By:/s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> swansonm@millercanfield.com
> 150 West Jefferson, Suite 2500
> Detroit, Michigan  48226
> (313) 963-6420
> *Counsel to Genesis Engineering Services, Inc.*

**EXHIBIT 6**

SANDRA O'CONNOR LAW, PLLC


By:/s/ Sandra L. O'Connor
    Sandra L. O'Connor (P70984)
    sandra@sandraoconnorlaw.com
    100 N. Pond Drive, Suite A
    Walled Lake, Michigan  48390
    (248) 817-6669
    *Counsel to K. Jin Lim, Trustee for AGP E-Glass Co.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                        Chapter 7

AGP E-GLASS CO.,                              Case No. 24-50838-MLO

            Debtor.                           Hon. Maria L. Oxholm

_____/

**ORDER APPROVING TRUSTEE'S COMPROMISE OF CLAIMS**

This matter having come before the Court upon the Trustee's Motion for Order Authorizing the Trustee to Compromise Claims and Approve Stipulated Dismissal of the Adversary Proceeding, Vacating the Judgment and Granting Related Relief (the "**Motion**"); the Trustee , K. Jin Lim ("**Trustee**") for AGP E-Glass Co. ("**Debtor**")  and Genesis Engineering Services, Inc. ("**Genesis**") having agreed to entry of this Order to resolve the Trustee's claims against Genesis; no objection to the Motion having been timely filed and served; and the Court otherwise being duly advised:

IT IS HEREBY ORDERED that the Motion is granted, and the settlement and compromise of the Trustee's claims and release of Genesis is approved.

IT IS FURTHER ORDERED that Genesis shall pay to the bankruptcy estate the amount of $13,250 (the "**Settlement Payment**") within fourteen (14) days after Trustee's counsel has notified Genesis's counsel by e-mail that this Order has been

**EXHIBIT A**

24-50838-mlo    Doc 113    Filed 02/06/26    Entered 02/06/26 13:26:17    Page 17 of 20

entered. The payment shall be made payable to "K. Jin Lim, Trustee for AGP E-Glass Co." and delivered in care of Trustee's counsel Sandra L. O'Connor, Sandra O'Connor Law, PLLC, 100 N. Pond Drive, Suite A, Walled Lake, Michigan 48390. The settlement payment may only be sent by First Class Mail, Priority Mail, or any other method that does not require a signature upon delivery.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall prepare a stipulation and proposed order for the approval of Genesis's counsel to be filed in adversary proceeding number 25-04050-MLO, *Lim v. Genesis Engineering Services, Inc.* ("**Adversary Proceeding**") which (a) vacates the default judgment against Genesis entered at docket number 6 ("**Default Judgment**") in the Adversary Proceeding and (b) voluntarily dismisses the Adversary Proceeding with prejudice and without costs.

IT IS FURTHER ORDERED that upon entry of the order  vacating the default judgment and dismissing the Adversary Proceeding, as described in the paragraph immediately preceding this paragraph, the Trustee shall file a notice in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), which provides that the judgment identified in docket number 1 in case number 25-00401 was vacated and the underlying adversary proceeding was dismissed with prejudice and which requests that case number 25-00401 be closed. To the extent

that the notice does not result in the closure of the case, the Trustee shall promptly file an ex parte motion for an order to close case number 25-00401 and shall cooperate with reasonable requests made by Genesis with respect to having the case closed.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall take all necessary actions, including without limitation, any necessary filings, to extinguish and release any and all liens, charges and/or encumbrances related to or arising from the judgment against Genesis registered in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), including without limitation, the Notice of Judgment Lien filed in the State of California on September 17, 2025, and provide evidence to Genesis of same.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, Debtor, its bankruptcy estate, the Trustee and each of their affiliates, successors and assigns (collectively, the "**Releasing Parties**"), shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Genesis and its affiliates, successors and assigns (collectively, the "**Genesis Parties**") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money,

accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Releasing Parties, have had, may have or may claim to have against the Genesis Parties, including without limitation, the claims asserted in the complaint filed in the Adversary Proceeding and the Default Judgment.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall undo any other measures taken to exercise enforcement of the Default Judgment. This paragraph does not apply to the Trustee's employment of special counsel in California to pursue to the Default Judgment, which shall be excluded from the definition of measures taken to exercise enforcement (for the sake of clarity, the paragraph does apply to any measures taken by such special counsel).

IT IS FURTHER ORDERED that if the Trustee fails to take any of the actions required by this Order, the Settlement Payment shall be immediately returned to Genesis.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the interpretation, implementation and enforcement of this Order.