IN THE MATTER OF:

AGP E-GLASS CO.,

    Debtor.

_____/

Chapter 7
Case No. 24-50838-MLO
Hon. Maria L. Oxholm

## MOTION FOR ORDER AUTHORIZING SALE OF REMNANT ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

K. Jin Lim, the Chapter 7 Trustee of AGP E-Glass Co., by her counsel Sandra O'Connor Law, PLLC, requests that this Court enter an order pursuant to Fed. R. Bankr. P. 6004(c) and 11 U.S.C. §§ 363(b) & (f) authorizing the Trustee to sell remnant assets free and clear of liens, claims, and encumbrances.  (See Exhibit 1).

IN SUPPORT of this motion, the Trustee states:

### Jurisdiction

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Facts

3. On November 14, 2024 ("the petition date"), AGP E-Glass Co. (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

4. K. Jin Lim is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate ("Trustee").

5. The Trustee is in the process of winding down the administration of the case. All assets and claims have been identified and liquidated, or are in the process of being liquidated. The Trustee has not identified any additional assets or claims.

6. In a business Chapter 7 case, there always exists the possibility of unknown assets or claims remaining that have not been identified by the Trustee, such as refunds, overpayments, deposits, judgments, claims, or other payment rights that could accrue in the future. These are commonly referred to as remnant assets.

7. The Trustee is unaware of the existence of any remnant assets in this case.

8. Remnant asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

9. The Trustee has entered into a purchase agreement with SLFAQ, LLC, subject to Court approval, to sell the bankruptcy estate's remnant assets ("the property") in exchange for $5,000.00. (See Exhibit A.) The sale of the property

2

explicitly excludes the property and claims that the Trustee is still in the process of administering.

10. The Trustee seeks to sell the property free and clear of all liens, interests, and encumbrances.

11. To the extent that the certain interest filed by the Internal Revenue Service ("IRS") via its Notice of Federal Tax Lien filed with the Michigan Department of State under the Uniform Commercial Code on June 5, 2024, filing number 20240605000868-9 (the "IRS Lien") has not yet been previously satisfied, the IRS Lien shall attach to the net cash proceeds received by the estate. The IRS shall be required to timely file a proof of claim to receive a distribution for the IRS Lien if the IRS Lien has not been previously satisfied.

12. The Trustee believes that the proposed sale of the property is in the best interest of the bankruptcy estate and its creditors. The Trustee is selling something that has no known value to the estate in exchange for money.

**Request for Authority to Sell Property**

13. 11 U.S.C. § 363(b) provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Property of the estate may be sold outside of the ordinary course of business where the sale represents an exercise of a sound business decision. Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986). Courts typically consider the

3

following four factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale, (b) whether accurate and reasonable notice of the sale was given to interested parties, (c) whether the sale will produce a fair and reasonable price for the property and (d) whether the parties have acted in good faith. In re Barnhill's Buffet, 2008 Bankr. LEXIS 2675 at *5-*6 (Bankr. M.D. Tenn. 2008)(citing In Re Titusville County Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991)). Here, each of these four factors is met. Accordingly, the proposed sale of the property should be approved.

14. First, the Trustee believes a sound business justification exists for the sale. The property is not necessary for any reorganization effort.

15. Second, the Trustee has served notice of the Motion on all potential lienholders and interested parties.

16. Third, the Trustee believes the sale price is fair and reasonable. The estate will receive $5,000.00 for assets believed to have a value of $0.00. The Trustee has solicited other offers for the sale of the property, and none have been made by other such companies that buy remnant assets.

17. Finally, courts generally conclude that parties have acted in good faith with respect to a proposed sale if the purchase price is adequate and reasonable and the terms of the sale are fully disclosed. For the reasons set forth above, both of these requirements are met here. The Trustee, in exercise of her business judgment,

4

believes that the proposed sale of the property to the purchaser on the terms set forth in the purchase agreement is in the best interests of the bankruptcy estate and its creditors.

18. For all the reasons set forth above, the sale of the property should be approved pursuant to 11 U.S.C. § 363(b).

**Request for Authority to Sell**
**Property Free and Clear of all Liens, Claims and Encumbrances**

19. Pursuant to 11 U.S.C. § 363(f), a trustee may sell property of the estate free and clear of all liens, claims, encumbrances, redemption rights, and other interests asserted in or against the property being sold if: (1) a sale free and clear of the interest is permitted under applicable non-bankruptcy law; (2) the party asserting an interest consents to the sale; (3) the interest is a lien and the sale price exceeds the aggregate value of all liens on the property; (4) the interest is subject to a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

20. In this case, the only potential lien, claim, or encumbrance on the property is the IRS Lien. The Trustee is serving the IRS with this Motion, which clearly indicates that the Trustee intends to sell the property free and clear of any claim of the IRS Lien without any payment to the IRS in the absence of a filed claim. Assuming the IRS does not object to the Motion, it is deemed to have consented. In

5

re Kazi Foods of Mich., Inc., 2012 Bankr. LEXIS 3177 at *9-*10 (Bankr. E.D. Mich. February 28, 2012).

21.    Accordingly, the Trustee seeks authority to sell the bankruptcy estate's interest in the property pursuant to the purchase agreement free and clear of any interests.

22.    The Trustee also requests that the Court order that the Trustee may consummate the sale prior to the expiration of 14 days after entry of the order under Fed. R. Bankr. P. 6004(h).  There is no purpose to be served by a stay of the order in this case.

WHEREFORE, the Trustee requests that this Court grant her authority to consummate the purchase agreement and to sell the property free and clear of all liens, claims, and encumbrances.

Respectfully submitted,

Dated: February 13, 2026

 /s/ Sandra L. O'Connor
SANDRA L. O'CONNOR
Sandra O'Connor Law, PLLC
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com
(P70984)

6

IN THE MATTER OF:

| | |
|---|---|
| AGP E-GLASS CO., | Chapter 7 |
| | Case No. 24-50838-MLO |
| Debtor. | Hon. Maria L. Oxholm |

_____/

## ORDER AUTHORIZING SALE OF REMNANT ASSETS
## FREE AND CLEAR OF LIENS, CLAIMS, OR ENCUMBRANCES

This matter came before the Court upon the Trustee's Motion for Order Authorizing Sale of Remnant Assets Free and Clear of Liens, Claims, or Encumbrances ("the Motion"). Notice of the Motion was served on all interested parties and the matrix of creditors. No timely objections were filed or served. The Court being duly advised in the premises:

IT IS HEREBY ORDERED as follows:

(A)    The Trustee's Motion is granted.

(B)    The Trustee is authorized to sell the bankruptcy estate's interest in the bankruptcy estate's remnant assets ("the property") to SLFAQ, LLC for $5,000.00 pursuant to the terms of the purchase agreement attached to the Motion as Exhibit A free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. §§ 363(b) & 363(f).

## EXHIBIT 1

(C) All liens, claims, and encumbrances against the property are extinguished, whether consensual or statutory, including:

a. The certain interest filed by the Internal Revenue Service ("IRS") via its Notice of Federal Tax Lien filed with the Michigan Department of State under the Uniform Commercial Code on June 5, 2024, filing number 20240605000868-9 ("the IRS Lien").

(D) To the extent that the IRS Lien has not been previously satisfied, the IRS Lien shall attach to the cash proceeds from the sale. The IRS must timely file a proof of claim to be entitled to receive a distribution from the cash proceeds if the IRS Lien has not been previously satisfied. The IRS Lien on the proceeds will be automatically extinguished if the IRS fails to file a claim and the Trustee disburses funds in accordance with the final report.

(E) The Trustee may execute such documents and agreements and perform such acts as may be necessary and appropriate to implement, effectuate, and consummate the sale.

(F) All federal, state, county and local governmental agencies or departments are ordered and directed to accept all filings necessary and appropriate to consummate the sale.

(G) Pursuant to Fed. R. Bankr. P. 6004(h), the Trustee may consummate the sale authorized by this order prior to the expiration of 14 days after entry of this order.

IN THE MATTER OF:

| | |
|---|---|
| AGP E-GLASS CO., | Chapter 7 |
| | Case No. 24-50838-MLO |
| Debtor. | Hon. Maria L. Oxholm |

_____/
3150 Livernois, Suite 275
Troy, MI 48083
45-3817255

## NOTICE OF MOTION FOR ORDER AUTHORIZING
## SALE OF REMNANT ASSETS FREE AND CLEAR OF
## LIENS, CLAIMS, AND ENCUMBRANCES

K. Jin Lim, the Chapter 7 Trustee has filed a Motion for Order Authorizing Sale of Remnant Assets Free and Clear of Liens, Claims, and Encumbrances. A complete copy of the Motion is on file with the Bankruptcy Court.

The Trustee has accepted an offer submitted by SLFAQ, LLC to purchase the bankruptcy estate's interest in remnant assets ("the property") for a sale price of $5,000.00, subject to Bankruptcy Court approval.

The sale of the property will be made free and clear of all liens, claims, or encumbrances.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, within 21 days, you or your attorney must:

## EXHIBIT 2

1. File with the Court a written objection or request for hearing, explaining your position, at:[1]

United States Bankruptcy Court
Eastern District of Michigan
211 W. Fort Street
Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the 21 day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Sandra L. O'Connor, Esq.
Sandra O'Connor Law, PLLC
100 N. Pond Drive, Suite A
Walled Lake, MI 48390

2. If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: February 13, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR
Sandra O'Connor Law, PLLC
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com
(P70984)

---

[1] Objection or request for hearing must comply with F. R. Civ. P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

AGP E-GLASS CO.,

Chapter 7
Case No. 24-50838-MLO
Hon. Maria L. Oxholm

Debtor.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the Trustee's (1) Motion for Order Authorizing Sale of Remnant Assets Free and Clear of Liens, Claims, and Encumbrances, (2) Proposed Order, (3) Notice, (4) Certificate of Service, and (5) Exhibit A with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Office of the U.S. Trustee | K. Jin Lim, Esq. |
| Tamar Dolcourt, Esq. | Alan C. Hochheiser, Esq. |
| Richard James Bernard, Esq. | John P. Tragge, Esq. |
| William C. Blasses, Esq. | Deborah Kovsky-Apap, Esq. |

and I also hereby certify that on February 13, 2026, I mailed by First Class with the United States Postal Service (1) Motion for Order Authorizing Sale of Remnant Assets Free and Clear of Liens, Claims, and Encumbrances, (2) Proposed Order, (3) Notice, (4) Certificate of Service, and (5) Exhibit A to the following parties and non-ECF participants:

## EXHIBIT 4

| Civil Process Clerk | Pamela Bondi |
|---|---|
| U.S. Attorneys Office | Attorney General |
| 211 W. Fort St., Suite 2001 | United States Department of Justice |
| Detroit, MI 48226 | 950 Pennsylvania Avenue NW |
| | Washington, DC 20530 |

Internal Revenue Service
1111 Constitution Ave. NW
Washington, DC 20224

and I also hereby certify that on February 13, 2026, I mailed by First Class Mail with the United States Postal Service Notice of Motion for Order Authorizing Sale of Remnant Assets Free and Clear of Liens, Claims, and Encumbrances and to the following non-ECF participants:

> All parties listed on the attached limited notice list pursuant to the Court's May 22, 2025 Order Limiting Notice to Parties Pursuant to Bankruptcy Rule 2002(h) (Docket #94).

Dated: February 13, 2026                     /s/ Sandra L. O'Connor
                                             SANDRA L. O'CONNOR
                                             Sandra O'Connor Law, PLLC
                                             100 N. Pond Drive, Suite A
                                             Walled Lake, MI 48390
                                             (248) 817-6669
                                             sandra@sandraoconnorlaw.com
                                             (P70984)

Staples, Inc.
PO Box 102419
Columbia, SC 29224

Atlas Copco Compressors LLC
48430 Milmont Dr.
Fremont, CA 94538

Airgas USA, LLC
6055 Rockside Woods Blvd
Independence, OH 44131

Sunbelt Rentals, Inc.
PO BOX 409211
Atlanta, GA 30384-9211

Cellco Partnership d/b/a Verizon Wireless
William M Vermette
22001 Loudon County PKWY
Ashburn, VA 20147

SC Department of Revenue
300A Outlet Pointe Blvd
Columbia, SC 29210

AmTrust North America, Inc. on behalf of
Technology Insurance Co., Inc.
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122

Ultimation Industries LLC
15935 Sturgeon Street
ROSEVILLE, MI 48066

DESIGNETICS, INC.
1624 South Eber Road
Holland, OH 43528

Jesus Valdez
c/o Roman Otkupman, Esq.
Otkupman Law Firm
5743 Corsa Avenue, Ste. 123
Westlake Village, CA 91362

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

Mila Baumtrok
2081 E. Beltline Ave NE
Grand Rapids, MI 49525

Euler Hermes agent for Avenue Logistics,
LLC
100 International Dr
22nd Floor
Baltimore, MD 21202

Ohio Department of Taxation
ATTN: Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

GERMANYCabalo Logistics
Calzada del Valle 400, Edificio III, Col
Del Valle, San Pedro Garza Garcia
Nuevo Len Mexico, C.P. 66220

Shanghai GOSUN Automation Technology
Co., Ltd
Room 2410, No.378 Chengbei Road
Jiading District, Shanghai
China

Glas-Weld Systems, Inc.
20578 Empire Avenue
Bend, OR 97701

Clark Hill PLC
Robert P. Franke
901 Main Street, Suite 6000
Dallas, TX 75202

INDUSTRIA E COMERCIO DE SUPRIMENTOS
282 Rua Senador Vergueiro
Sao Caetano do Sul, Sao Paulo
09521-320
Brasil

Antaya Technologies Corp.
333 Strawberry Field Rd.
Attn: Lital Herskovits
Warwick, RI 02886

Jesus Valdez Medina
c/o Jessica L. Campbell, Esq.
Aegis Law
9811 Irvine Center Dr. #100
Irvine, CA 92618

AEGIS LAW FIRM, PC
9811 Irvine Center Dr, Ste 100
Irvine, CA 92618

Travelers - Account Resolution
One Tower Square 10MN
Hartford, CT 06183

RecruitGigs, LLC
ATTN: Armando Avila, CEO
401 Glass Lane
Modesto, CA 95356

Prologis-Exchange IPC 10 LLC
c/o Brian P. Morgan
Faegre Drinker Biddle & Reath LLP
1177 Ave. of the Americas, 41st Fl.
New York, NY 10036

Marcell West/Ronald Patterson
c/o Lawrence Organ & Emily Kohlheim
California Civil Rights Law Group
870 Market Street, Ste. 544
San Francisco, CA 94102

321 Logistics
c/o William C. Blasses
500 Woodward Ave., Suite 2500
Detroit, MI 48084

Kelly S Cole-Chirio
1881 Frances Way
Ypsilanti Township, MI 48198

United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226

AGP E-Glass Co.
41600 Haggerty Circle S
Canton, MI 48188

Texas Comptroller of Public Accounts
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548, MC-008
Austin, TX 78711

A.I. srl
snc, via Erasmo Piaggio
Chieti, Italy
66100

City of Tracy Revenue Department
333 Civic Center Plaza
Tracy, CA 95376-4062

Christopher S. Murphy Asst. Atty. General
c/o Sherri K. Simpson, Paralegal
Texas Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

<u>**ASSET PURCHASE AGREEMENT**</u>

**THIS ASSET PURCHASE AGREEMENT** (this "*Agreement*"), dated as of February 12, 2026 is by and between K. Jin Lim (the "*Trustee*" or "*Seller*"), not individually but solely as Chapter 7 Trustee of the bankruptcy estate **AGP E-GLASS CO.** Case # 2:24bk50838 (the "*Debtor*"), and **SLFAQ, LLC**, a New York limited liability company ("Purchaser").

<u>**W I T N E S S E T H**</u>:

**WHEREAS,** on or about November 14, 2024, AGP E-GLASS CO. (the "*Debtor*") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "*Court*"), Case No. 2:24bk50838 (the "*Case*"); and

**WHEREAS** on or about November 14, 2024, K. Jin Lim was appointed as Chapter 7 Trustee of the Debtor's Estate; and

**WHEREAS,** at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining consisting of known or unknown assets of claims or refunds which have not been previously sold, assigned or transferred (collectively, "Remnant Assets"); and

**WHEREAS,** Remnant Assets specifically exclude: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; (e) the Purchase Price (as hereinafter defined to be delivered pursuant hereto; (f) the Default Judgment against Genesis Engineering Services, Inc. entered on April 29, 2025 in Adversary Proceeding No. 25-04050 and the anticipated proceeds from the pending settlement of this Default Judgment; and (g) the $35,000 federal income tax refund (and any related accrued interest) relating to the Debtor and/or Debtor's Estate's 2024 federal income tax return (except with respect to sub provisions (f) and (g) herein, to the extent that these assets are not administered prior to case closing, these assets shall become Remnant Assets, regardless of whether they are abandoned under 11 U.S.C. § 554) and

**WHEREAS,** subject to Court approval, the Trustee has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE,** in consideration of the promises and mutual undertakings herein contained, and the above recitals which are incorporated herein by reference, the Trustee and Purchaser agree as follows:

# EXHIBIT A

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Five Thousand dollars ($5,00.00) for the Remnant Assets payable within 3 business days of receipt by Purchaser of this executed Agreement, together with a copy of an order by the Court approving the sale.

2. **Effective Date**. This Agreement shall be binding on the parties upon satisfaction of all the following conditions: (i) the Agreement is executed by all parties; (ii) the Court's entry of a final order consummating the Agreement; and (iii) payment of the Purchase Price (iv) the sale is completed within 45 days of the date of this agreement. If the sale is not completed within 45 days of the agreement, the (Buyer) has the right to terminate this agreement. The date upon which the last of the foregoing conditions is satisfied shall be deemed the "Effective Date" of the Agreement.

3. **Assignment of Remnant Assets.** As of the Effective Date, Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due und the Remnant Assets. If the Sale of the Remnant Assets is not completed within 45 days from the date of this agreement, any payments received by (Seller) after the 45 days of the date of this agreement shall become the property of the (Purchaser) and transferred to the (Purchaser) within 30 days of receipt of the payment(s).

4. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller by the Bankruptcy Code and by the Court.

5. **Payments Received on the Remnant Assets** Seller further agrees that any payments received by Seller on account of the Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

6. **Seller's Representations and Warranties.** In consideration of Purchaser's agreement herein and to induce Purchaser to enter into this Agreement, the Seller represents and warrants to Purchaser that Seller has full lawful right, title, power, and authority to enter into this Agreement and to convey Seller's interest in the Remnant Assets to Purchaser as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

7. **Free and Clear Sale.** The sale of the Remnant Assets shall be free and clear of any liens, claims or encumbrances pursuant to 11 U.S.C. 363(f)

8. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related

thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets except as may otherwise expressly be provided herein.

9. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. Furthermore, Purchaser may require the jurisdiction of the Bankruptcy Court for prosecution and enforcement of certain rights; provided, however, that any request to reopen the Cases shall be the responsibility of Purchaser. After the administrative closing of the Debtor's bankruptcy cases, Seller shall have no further obligations under this paragraph.

10. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to the Purchaser and its rights thereunder pursuant to this Agreement.

11. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

12. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and the internal laws of the State of New York.

14. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**SLFAQ, LLC**

By: _Joseph Sarachek_

Name: Joseph E. Sarachek
Its: Managing Partner

Address: 670 White Plains Road, Penthouse, Scarsdale, NY 10583

**K. JIN LIM AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF AGP E-GLASS CO.**

By: _____

Name: K. Jin Lim
Title: Chapter 7 Trustee AGP E-GLASS CO.

Address:
176 S. Harvey
Plymouth, MI 48170
**Email:** kjinlimtrustee@gmail.com
KJINLIM7