UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 7

AGP E-GLASS CO.,                                Case No. 24-50838-MLO

       Debtor.                                  Hon. Maria L. Oxholm

_____/

## ORDER APPROVING TRUSTEE'S COMPROMISE OF CLAIMS

This matter having come before the Court upon the Trustee's Motion for Order Authorizing the Trustee to Compromise Claims and Approve Stipulated Dismissal of the Adversary Proceeding, Vacating the Judgment and Granting Related Relief (the "**Motion**"); the Trustee , K. Jin Lim ("**Trustee**") for AGP E-Glass Co. ("**Debtor**")  and Genesis Engineering Services, Inc. ("**Genesis**") having agreed to entry of this Order to resolve the Trustee's claims against Genesis; no objection to the Motion having been timely filed and served; and the Court otherwise being duly advised:

IT IS HEREBY ORDERED that the Motion is granted, and the settlement and compromise of the Trustee's claims and release of Genesis is approved.

IT IS FURTHER ORDERED that Genesis shall pay to the bankruptcy estate the amount of $13,250 (the "**Settlement Payment**") within fourteen (14) days after Trustee's counsel has notified Genesis's counsel by e-mail that this Order has been entered. The payment shall be made payable to "K. Jin Lim, Trustee for AGP E-

Glass Co." and delivered in care of Trustee's counsel Sandra L. O'Connor, Sandra O'Connor Law, PLLC, 100 N. Pond Drive, Suite A, Walled Lake, Michigan 48390. The settlement payment may only be sent by First Class Mail, Priority Mail, or any other method that does not require a signature upon delivery.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall prepare a stipulation and proposed order for the approval of Genesis's counsel to be filed in adversary proceeding number 25-04050-MLO, *Lim v. Genesis Engineering Services, Inc.* ("**Adversary Proceeding**") which (a) vacates the default judgment against Genesis entered at docket number 6 ("**Default Judgment**") in the Adversary Proceeding and (b) voluntarily dismisses the Adversary Proceeding with prejudice and without costs.

IT IS FURTHER ORDERED that upon entry of the order vacating the default judgment and dismissing the Adversary Proceeding, as described in the paragraph immediately preceding this paragraph, the Trustee shall file a notice in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), which provides that the judgment identified in docket number 1 in case number 25-00401 was vacated and the underlying adversary proceeding was dismissed with prejudice and which requests that case number 25-00401 be closed. To the extent that the notice does not result in the closure of the case, the Trustee shall promptly file an ex parte motion

for an order to close case number 25-00401 and shall cooperate with reasonable requests made by Genesis with respect to having the case closed.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall take all necessary actions, including without limitation, any necessary filings, to extinguish and release any and all liens, charges and/or encumbrances related to or arising from the judgment against Genesis registered in case number 25-00401, *Lim v. Genesis Engineering Services, Inc.*, filed in the U.S. Bankruptcy Court for the Northern District of California (Oakland), including without limitation, the Notice of Judgment Lien filed in the State of California on September 17, 2025, and provide evidence to Genesis of same.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, Debtor, its bankruptcy estate, the Trustee and each of their affiliates, successors and assigns (collectively, the "**Releasing Parties**"), shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Genesis and its affiliates, successors and assigns (collectively, the "**Genesis Parties**") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Releasing Parties, have had,

may have or may claim to have against the Genesis Parties, including without limitation, the claims asserted in the complaint filed in the Adversary Proceeding and the Default Judgment.

IT IS FURTHER ORDERED that upon entry of this Order and receipt of the Settlement Payment, the Trustee shall undo any other measures taken to exercise enforcement of the Default Judgment. This paragraph does not apply to the Trustee's employment of special counsel in California to pursue to the Default Judgment, which shall be excluded from the definition of measures taken to exercise enforcement (for the sake of clarity, the paragraph does apply to any measures taken by such special counsel).

IT IS FURTHER ORDERED that if the Trustee fails to take any of the actions required by this Order, the Settlement Payment shall be immediately returned to Genesis.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the interpretation, implementation and enforcement of this Order.

**Signed on March 3, 2026**



/s/ Maria L. Oxholm

**Maria L. Oxholm**
**United States Bankruptcy Judge**